# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

### ***

| | |
|---|---|
| J&J SPORTS PRODUCTION, INC., | Case No. 2:18-cv-00629-JAD-VCF |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| vs. | MOTION FOR DEFAULT JUDGMENT (ECF NO. 10) |
| COCO BEACH CORPORATION dba MARISCOS EL DORADO; and MARIA QUINTERO DE RAMIREZ individually, | |
| Defendants. | |

Before the Court is Plaintiff's Motion for Default Judgment (ECF No. 10).

This is an action brought against Defendants Coco Beach Corporation dba Mariscos El Dorado and Maria Quintero De Ramirez, for interception, reception, publication, divulgence, display, exhibition, and tortious conversion of property of Plaintiff. (Compl., ECF No. 1). Default was entered against defendant on October 15, 2018. (ECF NO. 7). The following facts alleged by Plaintiff are not contested.

By contract, Plaintiff purchased the domestic commercial exhibition rights to broadcast "*Saul Alvarez v. Amir Khan WBC World Middleweight Championship Fight*" Program, telecast nationwide on Sunday, May 7, 2016 (hereinafter the "Program"). This Program included the main event (between Alvarez and Khan) along with undercard bouts, televised replay, and color commentary, hereinafter collectively referred to as the "Program." Pursuant to the contract granting Plaintiff its distribution rights, Plaintiff entered into sub-licensing agreements with commercial establishments to permit public exhibition of the Program. Without the authorization of Plaintiff, Defendants unlawfully intercepted,

received and exhibited the Program at their commercial establishment, Mariscos El Dorado Mexican Restaurant, located at 2021 E. Charleston Blvd., Las Vegas, Nevada. (ECF No. 10).

On October 4, 2018, J&J Sports Production, Inc. ("J&J") filed a motion for entry of clerk's default. (ECF No. 6). Clerk's entry of default was entered on October 5, 2018. (ECF No. 7). J& J now moves for default judgment. (ECF No. 10).

## I.    LEGAL STANDARD

Federal Rule of Civil Procedure 55 governs default judgment. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default. FED. R. CIV. P. 55(a). After the Clerk of Court enters a default, the plaintiff must petition the court to obtain a default judgment. FED. R. CIV. P. 55(b)(2). Before considering whether default judgment should be entered, the court has an affirmative duty to ensure that it has personal jurisdiction over the defaulted defendant and subject-matter jurisdiction over the plaintiff's action. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). A judgment without jurisdiction is void. *Id.* (citations omitted). If jurisdiction exists, the court's decision to enter default judgment is discretionary. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *Televideo Video Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917 ("Rule 55 gives the court considerable leeway as to what it may require as a prerequisite to the entry of a default judgment.").[1] Generally, the court accepts the factual allegations in the plaintiff's complaint as true but requires the plaintiff to prove damages. *Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987).

---

[1] Federal Rule of Civil Procedure 54(c) limits the court's discretion in one respect. It states that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."

2

The Ninth Circuit has adopted seven factors courts may consider when adjudicating a motion for default judgment.  *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986) (citing 6 MOORE'S FEDERAL PRACTICE ¶ 55-05[2], at 55-24 to 55-26).  The factors are: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  *Eitel*, 782 F.2d at 1471–72 (applying four of the seven factors).

## II.    DISCUSSION

Under Rule 55, the court must engage in three inquiries when recommending default judgment against Defendant: (1) whether the court has jurisdiction and can enter default judgment; (2) whether the court should enter default judgment (i.e., do the *Eitel* factors favor J&J?); and (3) whether J&J has proven damages.  Each inquiry is addressed below.

1. **Whether Jurisdiction Exists**

The court's analysis of J&J' motion begins with jurisdiction.  *In re Tuli*, 172 F.3d at 712.  The complaint in this case alleges causes of action arising under 47 U.S.C. §§ 553 and 605. This Court therefore has jurisdiction over the subject matter of this dispute pursuant to 28 U.S.C. § 1331.

Venue is proper in this court because the Defendant Marisco El Dorado is a business located in Las Vegas, Nevada.  (ECF No. 4).  All alleged statutory violations occurred at that business location. Defendant Maria Quintero De Ramirez, owner of the business, resides in Las Vegas, Nevada.  (ECF No. 5).

2. **Whether the Eitel Factors Favor Default Judgment**

Because the court's jurisdictional requirements are satisfied, the court proceeds to the second question: whether the court should enter default judgment under *Eitel*. This decision is discretionary and informed by seven factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy favoring decisions on the merits. *Eitel*, 782 F.2d at 1471–72; *Aldab*e, 616 F.2d at 1092. Each is addressed below.

A. **The First Factor – The Possibility of Prejudice to J&J**

The first factor favors entering default judgment. Defendants were properly served in this action and is therefore aware of its infringing conduct. (ECF Nos. 4 & 5). Defendants have not answered or otherwise defended against J&J' claims and a default has been entered. (ECF No. 7). Defendants' failure to answer or defend against J&J's claims is prejudicial to J&J because its claims cannot otherwise be resolved on the merits absent Defendants' participation. J&J will effectively be denied relief if not granted a default judgment. *PepsiCo, Inc. v. Cal. Sec. Cans,* 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) ("If Plaintiff's motion for default judgment is not granted, Plaintiffs will likely be without other recourse for recovery."). Here, the allegations in J&J's Complaint and the verified facts in Amanda C. Vogler-Heaton's Declaration show that J&J has suffered and will continue to suffer actual irreparable injury and harm.   Thus, the first *Eitel* factor weighs in favor of an entry of default judgment.

B. **The Second and Third Factors – The Merits of J&J's Substantive Claims and the Sufficiency of the Complaint**

The second and third factors favor entering default judgment. To warrant default judgment, the complaint's allegations must be sufficient to state a claim upon which relief can be granted. *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978). J&J's complaint satisfies this standard because its claims

4

"cross the line from conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

The second and third Eitel factors "require that Plaintiff's allegations state a claim upon which it may recover." *Adobe Systems Inc. v. Kern*, 2009 WL 5218005, *3 (N.D.Cal. Nov. 24, 2009) (internal quotation omitted). To prevail under 47 U.S.C. § 605 or 47 U.S.C. § 553, Plaintiff must demonstrate that it has a proprietary interest in the Program and that Defendants unlawfully intercepted, received, published, divulged, displayed, and/or exhibited the Program at Coco Beach Sea Food and Mexican Restaurant without the authorization of Plaintiff. *See* 47 U.S.C. § 605(a); 47 U.S.C. § 553(a). To prevail on the conversion claim, Plaintiff must demonstrate ownership or right to possession of property, wrongful disposition of the property right by Defendant, and damages. *Tyrone Pac. Intern., Inc. v. MV Eurychili*, 658 F.2d 664, 666 (9th Cir. 1981). Here, Plaintiff's Complaint properly alleges the elements of the above causes of action and, therefore, the second and third factors of the *Eitel* analysis are satisfied. *See Complaint*, ¶¶ 13- 22, 23-27, 28-31; *see J & J Sports Productions, Inc. v. Hernandez*, 2011 WL 3319558, *4 (E.D.Cal. Aug. 1, 2011).

C. **Fourth Factor – The Sum of Money at Stake in the Action**

The fourth factor favors entering default judgment. The fourth factor considers "the amount of money at stake in relation to the seriousness of [the] Defendants' conduct." *PepsiCo, Inc.*, 725 F. Supp. 2d at 921 (N.C. Cal. 2010).

As to the amount of money at stake, the amounts requested by Plaintiff for its federal claim, $10,000 in statutory damages and $50,000 in "enhanced" statutory damages, are reasonable in that they are within the limits established by the United States Congress pursuant to statute (and, indeed, substantially less). *See e.g.* 47 U.S.C. §§ 605(e)(C)(3)(i)(II) and (e)(3)(ii).

The sum of money at stake in the action is appropriate to the seriousness of Defendants' conduct. The court has wide discretion in tailoring monetary damages to the alleged harm. *Cable/Home Commc'n*

5

*Corp. v. Network Prod., Inc.*, 902 F.2d 829, 852 (11th Cir. 1990).  The fourth *Eitel* factor weighs in favor of an entry of default judgment.

### D. **Fifth Factor – The Possibility of a Dispute Concerning Material Facts**

The fifth factor favors entering default judgment.  The fifth factor considers the possibility of a dispute regarding any material facts in the case.  *PepsiCo, Inc.*, 725 F. Supp. 2d at 1177.  "Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages."  *Id.*

Given the sufficiency of J&J's complaint in alleging the facts necessary to establish its claims for relief, and Defendants' subsequent failure to answer, no dispute has been raised regarding material elements in the complaint.  It is unlikely any such dispute will arise.  The fifth *Eitel* factor weighs in favor of an entry of default judgment.

### E. **Sixth and Seventh Factor – Whether Default Was Due to Excusable Neglect and the Strong Policy Favoring Decisions on the Merit**

The sixth factor favors entering default judgment.  The sixth factor considers whether the defendants' default was the product of excusable neglect.  *Eitel,* 782 F.2d at 1471-72.  This factor favors default judgment where, as here, the defendants have been properly served.  *Landstar Range, Inc. v. Parth Enterprises, Inc.,* 725 F.Supp.2d 916, 922 (C.D. Cali 2010).  Defendant Coco Beach Corporation was properly served via its registered agent.  (ECF No. 4).  Defendant Ramirez was served on May 3, 2018. (ECF No. 5).

The seventh factor considers the strong policy under Federal Rule of Civil Procedure 55 that "cases should be decided on their merits whenever reasonably possible."  The mere existence of Rule 55(b), however, indicates this preference, standing alone, is not dispositive.  *Eitel*, 782 F.2d at 1472; *PepsiCo, Inc.,* 238 F.Supp.2d at 1177.  Where a defendant fails to respond to a complaint, a judgment on the merits is "impractical, if not impossible."  *Id.*

J&J properly served Defendants.  There is no evidence before the court that Defendants' failure to respond is due to excusable neglect.  *United States v. High Country Broad, Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (per curiam) (holding it was appropriate for the district court to enter default judgment against a corporation that failed to appear in the action through licensed counsel).  Defendants' failure to respond renders a decision on the merits impractical, if not impossible.  *PepsiCo, Inc.,* 238 F.Supp.2d at 1177.  The 7th factor weighs against the entry of default judgment, but onsidering all the facts, J&J's motion for default judgment should be granted.

3. **Statutory Damages Under 47 U.S.C § 605(e)(3)(C)(i)(II) and Enhanced Statutory Damages Under 47 U.S.C. § 605(e)(3)(C)(ii)**

The Ninth Circuit has not established a formula for calculating damages under 47 U.S.C. § 605, and this Court has discretion in awarding such damages.

In *Olivares, supra,* the Eastern District awarded $10,000 in statutory damages and $50,000 in enhanced damages against establishment showing the event on three televisions with 60+ people present. *Olivares*, 2011 WL 587466 at *3. Here, the Program was shown on five televisions with approximately 100 patron count, and a cover charge.  *See* Campbell Affidavit ECF No. 10-3 at p. 2.  Plaintiff requests the same award made in *Olivares*. In *Olivares* there is was no indication of a cover charge or advertising and, indeed, the Olivares court concluded that the circumstances demonstrated that the violation "likely had a *minimal* impact." *Id.* (emphasis added).  Here, it seems reasonable that J&J be awarded $10,000 in statutory damages and $50,000 in "enhanced" statutory damages, since they are within the limits established by the United States Congress pursuant to statute (and, indeed, substantially less). *See e.g.* 47 U.S.C. §§ 605(e)(C)(3)(i)(II) and (e)(3)(ii).

ACCORDINGLY, and for good cause shown,

IT IS RECOMMENDED that Plaintiff's Motion for Default Judgment (ECF No. 10) be GRANTED.

IT IS RECOMMENDED that J&J be awarded DAMAGES in the amount of $10,000.00 in statutory damages and $50,000.00 in enhanced damages.

IT IS FURTHER RECOMMENDED that FINAL JUDGMENT be entered against Defendants.

IT IS SO RECOMMENDED.

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist*., 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 16th day of April, 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE